## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| WALTER LEE BROWN, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | |
| : | No. 5:96-CV-58 (CAR) |
| JOHNNY C. SIKES, : | |
| : | |
| Respondent. : | |
| _____ : | |

### ORDER ON PETITIONER'S MOTION TO SET ASIDE JUDGMENT

Before the Court is Petitioner Walter Lee Brown's Motion to Set Aside Judgment [Doc. 39]. Petitioner initiated this habeas corpus proceeding on February 20, 1996, challenging his state court conviction. On December 15, 1997, this Court adopted the Magistrate Judge's Recommendation to deny Petitioner's habeas corpus petition, and on January 7, 1998, Petitioner's motion for reconsideration was denied. Now, over fourteen years later, Petitioner filed the instant Motion to Set Aside Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, wherein he challenges the validity of his conviction.

1

Rule 60(b) provides a limited basis for relief for a party seeking relief from a final judgment if the "judgment is void" or "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). In the context of a habeas action, the Supreme Court has held that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a second or successive habeas petition and is therefore subject to successive petition restrictions. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Conversely, where a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should not be considered a second or successive habeas petition. Id.

In his Motion, Petitioner argues that Respondent had fraudulently misrepresented the extent of the state trial and appellate court's consideration of Petitioner's evidentiary claims. Petitioner asserts that Respondents misrepresented that his evidence claims had been fully and fairly considered and that this misrepresentation caused the district court to unlawfully accord a presumption of correctness to the state court's findings.[1]

---

[1] To the extent that Petitioner also argues that the state appellate court's judgment is void, the Court lacks jurisdiction to review, reverse, or invalidate a final state court decision. See Rooker v.

2

<u>Gonzales</u> specifically recognized that Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." <u>Gonzales</u>, 545 U.S. at 528.  However, the Court drew a sharp distinction between motions that asserted some defect in the integrity of the federal habeas proceedings and, on the other hand, motions seeking to vacate habeas judgments in order to relitigate claims that, at the bottom, attack the legality of a petitioner's conviction and sentence.  <u>Id.</u>  Only the motions of the former sort are proper under Rule 60(b); motions of the latter are not.  <u>Id.</u>  Thus, a motion that "seeks vindication of" or "advances" one of more "claims" should be treated as a successive habeas petition.  <u>Id.</u>

Here, Petitioner's argument that Respondent fraudulently misrepresented the state court proceedings requires the Court to consider an issue that was originally argued by Petitioner and considered by the Court in his original § 2254 petition.  As in his original filings, Petitioner again asserts that the Court should not accord a presumption of correctness to the state court's findings pursuant to <u>Stone v. Powell</u>,

---

<u>Fidelity Trust Co.</u>, 263 U.S, 413 415-16 (1923) (holding that the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States).

3

485 U.S. 465 (1976).  [See e.g. Docs. 14, 16, 30].  Because Petitioner advances an argument that was previously considered by the Court, Petitioner's Motion must be dismissed as a successive petition.  In order for this Court to have jurisdiction to entertain a successive petition, Petitioner must so move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his successive petition.  <u>Williams v. Chatman</u>, 510 F.3d 1290, 1293 (11th Cir. 2007).  Based on the foregoing, Petitioner's Motion to Set Aside Judgment [Doc. 39] is **DISMISSED for lack of jurisdiction**.

   **SO ORDERED,** this 30th day of March, 2012.

                                           <u>S/  C. Ashley Royal</u>
                                           C. ASHLEY ROYAL
                                           UNITED STATES DISTRICT JUDGE

LMH