# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION

| | |
|---|---|
| WALTER LEE BROWN, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | |
| : | No. 5:96-CV-58 (CAR) |
| JOHNNY C. SIKES, Warden, : | |
| : | |
| Respondent. : | |
| _____ : | |

## ORDER ON MOTIONS

Before the Court is Petitioner Walter Lee Brown's Motion for Copies of Record Documents [Doc. 41] and his Motion for Certificate of Appealability [Doc. 42]. On March 30, 2012, this Court dismissed Petitioner's Rule 60(b) motion to set aside this Court's previous habeas judgment on the grounds that it lacked jurisdiction. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Shortly after this Court's Order, Petitioner filed the instant Motions.

1. Certificate of Appealability

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final

1

order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Cases. In the Eleventh Circuit, "a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding." Williams v. Chatman, 510 F.3d 1290, 1294 (11th Cir. 2007) (internal quotations and citations omitted). However, where a district court lacks subject matter jurisdiction over a Rule 60(b) motion, it also lacks jurisdiction to grant a COA. Id. In light of this Court's prior conclusion that it lacks subject matter jurisdiction over Petitioner's 60(b) motion, Petitioner's Motion for a Certificate of Appealability [Doc. 42] is **DENIED**.

2. Motion to Obtain Copies of the Record

Petitioner also requests specific copies of the record so that he may "utiliz[e] the documents in further proceedings regards to the 60(b) motion." [Doc. 41, p. 2]. In support of his Motion, Petitioner has attached an application to proceed *in forma pauperis.*

Section 2250 of Title 28 of the United States Code specifically provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on

file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

In this case, pursuant to § 2250, Petitioner is without a pending habeas petition, authorization from the Eleventh Circuit to entertain a second or successive habeas petition, or a pending appeal. "A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error." Walker v. United States, 424 F.2d 278, 279 (5th Cir. 1970).[1] Accordingly, Petitioner's Motion for Copies of Record Documents [Doc. 41] is **DENIED**.

Based on the aforementioned, Petitioner's Motion for a Certificate of Appealability [Doc. 42] and his Motion for Copies of Record Documents [Doc. 41] are **DENIED**.

**SO ORDERED,** this 20th day of April, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions as of September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).