IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WALTER LEE BROWN,      :
      :
    Petitioner,      :
      :
v.      :    No. 5:96-CV-58 (CAR)
      :
JOHNNY C. SIKES,      :
      :
    Respondent.      :
_____  :

## ORDER ON FOURTH MOTION TO SET ASIDE JUDGMENT AND MOTION FOR DISQUALIFICATION AND RECUSAL

Before the Court are Petitioner Walter Brown's Motion to Set Aside Judgment [Doc. 82] denying his 28 U.S.C. § 2254 petition under Federal Rule of Civil Procedure 60(b) and Motion for Disqualification and Recusal [Docs. 83] of the undersigned pursuant to 28 U.S.C. §§ 455(a) and (b)(1). For the reasons set forth below, Petitioner's Motions [Docs. 82 & 83] are **DENIED**.

In 1992, a jury in Macon County Superior Court found Petitioner guilty of malice murder, felony murder, aggravated assault, and simple assault. That court sentenced Petitioner to life plus 21 years' imprisonment. In 1996, Petitioner filed a *pro se* 28 U.S.C. § 2254 petition in this Court, challenging his state court conviction and alleging eleven grounds for relief. Of these eleven grounds, four included Fourth Amendment claims related to the denial of several motions to suppress. On December 15, 1997, this Court

adopted the Magistrate Judge's Recommendation to deny Petitioner's habeas petition, finding, in relevant part, that Petitioner's Fourth Amendment claims were barred by *Stone v. Powell*.[1]   A few weeks later, this Court also denied Petitioner's motion for reconsideration and motion for a certificate of appealability.

Thereafter, Petitioner filed an appeal with the Eleventh Circuit Court of Appeals. On April 21, 1998, the Eleventh Circuit denied a certificate of appealability due to Petitioner's failure to make a substantial showing of the denial of a federal right.[2]   For the next fourteen years, Petitioner filed no other motion.  Then, between 2012 and 2015, Petitioner filed three motions pursuant to Rule 60(b) to set aside the judgment entered in 1997.  This Court dismissed each motion as successive petitions over which the Court lacked subject matter jurisdiction.   Petitioner appealed all three dismissals and filed motions for certificate of appealability with the Eleventh Circuit.

The Eleventh Circuit dismissed the first appeal for want of prosecution.  As to the second appeal, the Eleventh Circuit denied Petitioner's request for a certificate of appealability for failure to make the requisite showing of a denial of a federal right.[3]   As to the third appeal, in ruling on the motion for a certificate of appealability, the Eleventh Circuit stated this Court erred in dismissing the Rule 60(b) motion as a second

---

[1] 428 U.S. 465 (1976).

[2] *Brown v. Sikes*, No. 98-8040 (11th Cir. April 16, 1998) ("Because appellant has failed to make a substantial showing of the denial of a federal right, his motion for a certificate of probable cause is DENIED."); [Doc. 38].

[3] *Brown v. Bowers*, No. 14-11903-D (11th Cir. Aug. 4, 2014); [Doc. 68].

or successive habeas petition.[4]  Nonetheless, the Eleventh Circuit determined Petitioner could not show this Court "abused its discretion because [Petitioner's] claims are barred under the law of the case doctrine."[5]  Thus, the Eleventh Circuit again denied Petitioner's motion for a certificate of appealability.

Now, Petitioner brings his fourth Motion to Set Aside Judgment pursuant to Rule 60(b), raising the same arguments as those in his previous Rule 60(b) motions.  In general, Petitioner contends Respondent fraudulently represented to the Court that Petitioner's evidence claims received a full and fair hearing in state court, and this misrepresentation caused the Court to unlawfully accord a presumption of correctness to the state court's findings and determine the Fourth Amendment claims were *Stone*-barred.  Additionally, Petitioner seeks recusal under 28 U.S.C. §§ 455(a) and (b)(1), arguing disqualification and recusal are warranted because the undersigned gives the appearance of bias and prejudice against him based on the previous Rule 60(b) motions. The Court will first address the Motion for Recusal and then discuss Petitioner's Rule 60(b) Motion.

### Motion for Disqualification and Recusal

"Recusal is required in certain circumstances, including when the judge 'has a

---

[4] *Brown v. Warden*, No. 15-12351-E (11th Cir. Sept. 17, 2015); [Doc. 80].
[5] *Id.*

personal bias or prejudice concerning a party ….'"[6]  "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case."[7]  Additionally, under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[8]  The standard under subsection (a) is objective and requires the court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."[9]  "[A] judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice.[10]

Here, Petitioner contends the undersigned "willfully and intentionally relied upon an erroneous interpretation of the applicable standard of law" in determining Petitioner's previous Rule 60(b) motions were successive.  Petitioner points to the "fact" that the Eleventh Circuit determined the undersigned "abused its discretion" in

---

[6] *United States v. Patterson*, 292 F. App'x 835, 837 (11th Cir. 2008) (per curiam) (quoting 28 U.S.C. § 455(b)(1)).
[7] *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007), *cert. denied*, 552 U.S. 1049 (2007) (internal quotation marks omitted).
[8] 28 U.S.C. § 455(a).
[9] *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted) (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)).
[10] *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion.").

4

dismissing these motions as evidence the undersigned cannot make a fair judgment in this case.[11]  Petitioner's contentions are without merit for several reasons.

First, contrary to Petitioner's assertion, the Eleventh Circuit specifically stated Petitioner could <u>not</u> show this Court abused its discretion.  Second, Petitioner does not point to any statements in the previous Orders or present any evidence to support his accusation that the undersigned "willfully and intentionally" applied "an erroneous interpretation" of the law to dismiss Petitioner's Rule 60(b) motion.  Lastly, Petitioner does not provide any evidence of a personal, non-judicial bias, nor does he state with specificity any impartiality in the previous proceedings that would demonstrate pervasive bias or prejudice.  Recusal in this case is not warranted simply because the Court previously erred in dismissing the Rule 60(b) motions as successive.

Accordingly, Petitioner's Motion for Disqualification and Recusal [Doc. 83] is **DENIED**.

*Motion to Set Aside Judgment*

Rule 60(b) provides a limited basis for a party to seek relief from a final judgment if the "judgment is void" or "for any other reason that justifies relief."[12]  In the context of a habeas action, a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a

---

[11] [Docs. 83 & 83-1].
[12] Fed. R. Civ. P. 60(b)(4), (6).

second or successive habeas petition and is therefore subject to successive petition restrictions.[13]  Conversely, where a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should not be considered a second or successive habeas petition.[14]  Such motion "properly may: (1) assert that a federal court's previous habeas ruling that precluded a merits determination was in error; (2) allege a clerical error in the habeas judgment, which technically falls under Rule 60(a); or (3) allege a fraud upon the federal habeas court under Rule 60(b)(3)."[15]

In this case, Petitioner primarily argues that (1) the state perpetrated a fraud upon this Court, (2) this Court erred in dismissing Petitioner's Fourth Amendment claims as *Stone*-barred, and (3) the dismissal was void because it was inconsistent with due process.  Thus, Petitioner has properly raised these claims in this Rule 60(b) motion that cannot be dismissed as a second or successive petition.[16]  Nonetheless, Petitioner's claims still fail.

As an initial matter, Petitioner's Rule 60(b) Motion is untimely.  Under Rule 60(c), a Rule 60(b) motion alleging fraud, misrepresentation, or misconduct by an

---

[13] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

[14] *Id.*

[15] *Brown*, No. 15-12351-E (11th Cir. Sept. 17, 2015) (citing *Gonzalez*, 545 U.S. at 532 n. 4-5); [Doc. 80].

[16] *See id.* ("Habeas petitioners may properly raise a claim of fraud upon the court in a Rule 60(b) motion. *See Gonzalez*, 545 U.S. at 532 n.5…. Additionally, [Petitioner's] challenges to the district court's determination that his Fourth Amendment claims were *Stone*-barred are challenges to a ruling that precluded a merits determination. *See id.* at 532 n.4….").

opposing party must be made "no more than a year after the entry of judgment or order of the date of the proceeding."[17]  Here, judgment was entered in 1998, but Petitioner did not bring a Rule 60(b) motion alleging fraud upon the court until 2012.  This clearly extends well past the one year limitation, and is therefore untimely.   However, because Rule 60(d) authorizes this Court to "entertain an independent action to relieve a party from a judgment" even if the year has passed, the Court will consider the merits of Petitioner's claims.[18]

Under Rule 60(d), "[f]raud upon the court… embraces only '… fraud which does or attempts to, defile the court itself … so that the [judiciary] cannot [properly decide the] cases that are presented for adjudication.'"[19]   "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."[20]  An action for fraud on the court should be available only to "prevent a grave miscarriage of justice."[21]   Further, Petitioner "must show an 'unconscionable plan or

---

[17] Fed. R. Civ. P 60(b)(3), (c)(1).

[18] Fed. R. Civ. P. 60(d); *see also Day v. Benton*, 346 F. App'x 476, 478 (11th Cir. 2009) (per curiam).

[19] *Day*, 346 F. App'x at 478; *see also Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (per curiam) ("'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.").

[20] *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).

[21] *United States v. Beggerly*, 524 U.S. 38, 47, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998).

scheme' to improperly influence the court's decision."[22]   "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud."[23]

Petitioner argues Respondent perpetuated fraud on this Court by misrepresenting that the state court had actually resolved the merits of the factual dispute regarding his motions to suppress.   Such fraud, in turn, led the Court to incorrectly determine Petitioner's Fourth Amendment claims were *Stone*-barred. However, this argument wholly ignores that the Magistrate Judge reviewed all of the pleadings, motions, and exhibits therein, and this Court's conducted a *de novo* review of these claims after Petitioner filed an objection.[24]   This Court's decision was not based solely on representations in Respondent's briefs.[25]   Further, Petitioner does not present any evidence to show Respondent had an unconscionable scheme to improperly influence the Court or that any alleged misrepresentations were material.[26]   Ultimately,

---

[22] *Galatolo v. United States*, 394 F. App'x 670, 673 (11th Cir. 2012) (per curiam) (citing *Rozier*, 573 F.2d at 1338).

[23] *Booker v. Dugger*, 825 F.2d 281, 284-85 (11th Cir. 1987) (quotation omitted).

[24] [Docs. 29, 31, & 37].

[25] [Doc. 29] (Petitioner was "afforded a full and fair opportunity to litigate his Fourth Amendment claims at the state court level, [and thus, was] precluded from litigating his Fourth Amendment claims" under *Stone*.).

[26] *See Galatolo* 394 F. App'x at 673 ("[The petitioner] also has failed to provide clear and convincing probative facts indicating that the Government had an unconscionable scheme to improperly influence the court."); *Gonzalez v. Secretary for Dep't of Corrections*, 366 F.3d 1253, 1285 (11th Cir. 2004) ("There can be no fraud unless the falsehood is material, and here the alleged falsehood is immaterial.").

Petitioner cannot establish fraud upon this Court that led to the denial of his habeas petition. Accordingly, because Petitioner fails to establish the "sufficiently extraordinary" circumstances necessary to warrant relief under Rule 60(b), his Motion [Doc. 82] is **DENIED**.[27]

Based on the foregoing, Petitioner's Motion for Disqualification and Recusal [Doc. 83] and Motion to Set Aside Judgment [Doc. 82] are **DENIED**, and Petitioner's Motion for Ruling on the Motion for Disqualification and Recusal [Doc. 85] is **MOOT**. Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

**SO ORDERED,** this 24th day of January, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

[27] *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000).