# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| WALTER LEE BROWN, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| v. | : | No. 5:96-CV-58 (CAR) |
| JOHNNY C. SIKES, | : | |
| Respondent. | : | |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 110] to deny Petitioner Walter Lee Brown's Motion to Reopen Judgment Denying Habeas Corpus Petition under Rule 60(b) [Doc. 107]. Petitioner has timely filed an Objection to the Recommendation.[1] This Court has fully considered the record in this case, made a *de novo* determination of the portions of the Recommendation to which Petitioner objects, and finds the Objection to be without merit.

Petitioner objects to the Recommendation to deny Petitioner's Motion as untimely arguing that Rule 60(d) authorizes a district court to "entertain an independent action to set aside a judgment for fraud on the court even if more than a year has passed."[2]

---

[1] Petitioner filed two Objections to the Recommendation [Docs. 112, 113]. However, only the first Objection was timely filed and both Objections are substantively identical, so the Court will consider them as one Objection.

[2] *Day v. Benton*, 346 F. App'x 476, 478 (11th Cir. 2009) (internal quotations and citations omitted).

Petitioner's argument is without merit. As this Court previously determined in its January 24, 2016 Order, Petitioner's allegations of fraud do not meet the requirements of an independent action under Rule 60(d), and thus they are untimely.

This is Petitioner's fifth Rule 60(b) motion asking the Court to reconsider the denial of his habeas petition for reasons the Court has already considered and rejected. As the Eleventh Circuit has previously held, Petitioner's claims are barred by the law of the case doctrine because Petitioner has "raised the same claims in his previous Rule 60(b) motions."[3] Petitioner fails to meet the requirements that would allow this Court to reconsider his argument: he presents no new evidence, no change in law, and fails to show that the Court's previous decision was clearly erroneous and would result in a manifest injustice.[4]

For these reasons, the Report and Recommendation [Doc. 110] is **ADOPTED** and **MADE THE ORDER OF THIS COURT**, and Petitioner's Motion to Motion to Reopen Judgment Denying Habeas Corpus Petition [Doc. 107] is **DENIED**. Additionally, because

---

[3] [Doc. 104, p. 11].

[4] *This That And The Other Gift And Tobacco, Inc. v. Cobb Cty., Ga.,* 439 F.3d 1275, 1283 (11th Cir. 2006) ("When a court decides a question of law, the only means by which the law-of-the-case doctrine can be overcome is if: (1) since the prior decision, 'new and substantially different evidence is produced, or there has been a change in the controlling authority'; or (2) 'the prior decision was clearly erroneous and would result in a manifest injustice.'") (quoting *Oladeinde v. City of *1284 Birmingham,* 230 F.3d 1275, 1288 (11th Cir. 2000)).

Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

**SO ORDERED,** this 19th day of December, 2018.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT