IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WALTER LEE BROWN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:96-CV-58-CAR-CHW |
| | : | |
| | : | |
| Warden JOHNNY SIKES, | : | Proceedings under 28 U.S.C. § 2254 |
| | : | |
| Respondent. | : | |
| | : | |

ORDER ON RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation to deny Petitioner Walter Lee Brown's Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b). Petitioner has filed an Objection to the Recommendation. This Court has fully considered the record in this case and made a *de novo* determination of the portions of the Recommendation to which Petitioner objects. Having done so, the Court finds Petitioner's Objection unpersuasive and agrees with the Recommendation to deny the petition. Accordingly, the Magistrate Judge's Order [Doc. 154] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**. Petitioner's Motion to Set Aside Judgment [Doc. 153] is **DENIED**.

1

This is Petitioner's seventh motion to set aside the Judgment entered in 1997. The Magistrate Judge recommended denying the Motion because it is untimely and barred by the law of the case doctrine. The Petitioner argues his Motion (1) is not untimely because Rule 60(b)(4) "has no set time limit" and (2) is not barred under the law of the case doctrine because his argument that the 1997 Judgment is void based on the Court's lack of subject matter jurisdiction has never been addressed on the merits.

Despite Petitioner's arguments, the 1997 Judgment is not void, and the Court had subject matter jurisdiction to hear Petitioner's 1996 Habeas Corpus Petition under 28 U.S.C. § 2254. Subject matter jurisdiction "is the statutorily conferred power of the court to hear a class of cases."[1] Title 28 U.S.C. § 2254 conferred this Court with jurisdiction to hear applications for writs of habeas corpus, including Petitioner's. Specifically, 28 U.S.C. § 2254(a) "states that a district court 'shall entertain' a habeas petition 'in behalf of a person in custody pursuant to the judgment of a State court.'"[2] There is no dispute that at the time this action was brought, Petitioner was in custody pursuant to a state court judgment. Thus, this Court had, and continues to have, subject matter jurisdiction over this case.

---

[1] *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1044 (11th Cir. 2008) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)).

[2] *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (quoting 28 U.S.C. § 2254(a)).

Petitioner contends the state trial and appellate courts never made factual determinations on his Fourth Amendment claims, and therefore the Court lacked subject matter jurisdiction over this case in 1997. But both the trial court and the Georgia Supreme Court ruled on the merits of Petitioner's Fourth Amendment claims.[3] As explained above, the Court's subject matter jurisdiction exists by virtue of 28 U.S.C. § 2554, and the state court's factual determinations do not affect this Court's subject matter jurisdiction. Finally, Petitioner contends the 1997 Judgment was "unfairly obtained" and thus void under Rule 60(b)(4). But the "unfairly obtained" standard relates to Rule 60(b)(3) for relief from judgment for fraud,[4] which has already been decided in prior Orders of this Court and the Eleventh Circuit Court of Appeals.[5]

This Court has fully considered the record in this case and made a *de novo* determination of the portions of the Recommendation to which Petitioner objects. Having done so, the Court finds Petitioner's Objection unpersuasive and agrees with the Recommendation to deny the petition. Accordingly, the Magistrate Judge's Order [Doc. 154] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**. Petitioner's Motion to Set Aside Judgment [Doc. 153] is **DENIED**.

---

[3] *Brown v. State*, 262 Ga. 728, 729 (1993).
[4] *See Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1358 (5th Cir. 1988) (explaining that Rule 60(b)(3) "is aimed at judgments which were unfairly obtained").
[5] Docs. 86, 104, 110, 114.

**SO ORDERED** this 19th day of April, 2024.

                                    <u>S/ C. Ashley Royal</u>
                                    C. ASHLEY ROYAL, SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT